No. 10,833.

SCOFIELD *v.* SCOFIELD.

Decided March 3, 1924.

Action for accounting.   Judgment for defendant.

*Affirmed.*

*On Application' for Supersedeas.*

1.  APPEAL AND ERROR—*Conflicting Evidence.* An assignment of error
    that the verdict was against the evidence, overruled, the evidence
    being more or less conflicting on every point.

2.  EVIDENCE—*Checks.* In an action for accounting against the wife of
    plaintiff's deceased brother covering transactions over a number
    of years between the brothers, unexplained checks introduced
    by defendant and payable to and on account of plaintiff, held
    material and relevant.

3.  INSTRUCTIONS—*Requests.* Requested instructions covered by those
    given by the court, or which were erroneous, held properly re-
    fused.

*Error to the District Court of the City and County of
Denver, Hon. Warren A. Haggott, Judge.*

Mr. WILLIAM H. SCOFIELD, for plaintiff in error.

Mr. CHARLES A. MURRAY, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

WILLIAM SCOFIELD was defeated in a suit against Lela B.
Scofield, the widow of his deceased brother, Thomas, to
compel her to account for the profits of certain transactions
between the plaintiff and that brother in his lifetime.   He
brings error and moves for supersedeas.

The complaint alleged an oral contract between the
plaintiff and Thomas, by which the latter, acting under the
name of L. B. Scofield, his wife, should advance money for
certain investments, the plaintiff should give his assist-

ance in the way of work and advice, and the net profits be divided equally between the two; that pursuant to this a grocery business was bought, operated for a while and then sold; that three pieces of real estate were treated likewise; that there were profits received by Thomas which had not been accounted for. These transactions extended over about five years, during which there was no settlement. There was a prayer for an accounting.

The defendant in error complains that the complaint does not state a cause of action, but we will assume that it does.

The principal error assigned is that the verdict was against the evidence, but we find more or less conflict in the evidence upon every point.

A number of checks were admitted in evidence, showing payments by Thomas Scofield to and on account of plaintiff; these checks were produced by the defendant. She also produced others, which were admitted, the purpose of which she could not tell, of the relation of which to the case she furnished no evidence and which were unexplained. They were mostly payable to plaintiff. It is claimed that these checks must have confused the jury and led them to an erroneous verdict, and that they were irrelevant and immaterial. We do not think they can be said to be irrelevant or immaterial, because in the peculiar situation of this defendant, it was her right and perhaps her duty to produce every possible evidence of financial transactions of her husband with plaintiff during the period in question. If they were irrelevant and immaterial we cannot for that reason alone say that their admission was prejudicial error, nor do we see how they could confuse the jury. The plaintiff, who received and indorsed most of them, was in a better position to explain them than the defendant, who knew nothing about them when they were drawn.

The plaintiff requested and the court refused two instructions Nos. 2 and 3. No. 2 was, in substance, given,

and No. 3 was erroneous; they both, therefore, were properly refused.

It is not necessary to notice other assignments of error. Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.